UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:15-CR-00140-JD |
| v. | INDICTMENT |
| DAVID G. KIRAZ, GEORGE D. KIRAZ, DANIEL G. KIRAZ, and MARCI K. KIRAZ, | 18 U.S.C. § 371, Conspiracy to Defraud the U.S. |
| Defendants. | 26 U.S.C. § 7206(1), Making and Subscribing False Federal Income Tax Returns |
| | 26 U.S.C. § 7206(2), Aiding and Assisting in the Preparation and Filing of False Tax Returns |

THE GRAND JURY CHARGES:

**General Allegations**

At all times relevant to this Indictment:

1. Cabaret Lounge was an adult entertainment business, commonly called a strip club, located at 503 W Burnside Street, Portland, Oregon.

2. Cabaret Lounge II was an adult entertainment business, commonly called a strip club, located at 17544 SE Stark Street, Gresham, Oregon.

3. Cabaret Lounge and Cabaret Lounge II (collectively referred to below as "the businesses") took in revenue from food and beverage sales, lottery machine commissions, ATM fees, door charges (also called cover charges), and house fees

(also called stage fees) charged to dancers for use of the facilities and as penalties for infractions such as being late for a shift.

4. Defendant DAVID G. KIRAZ, a resident of Happy Valley, Oregon, owned and operated Cabaret Lounge and Cabaret Lounge II. Defendant DAVID G. KIRAZ reported the business activity of Cabaret Lounge and Cabaret Lounge II on his federal individual income tax returns using an IRS form called a Schedule C "Profit or Loss From Business".

5. Defendant GEORGE D. KIRAZ, a resident of Estacada, Oregon, and Portland, Oregon, was the father of defendant DAVID G. KIRAZ. Defendant GEORGE D. KIRAZ exercised operational control over Cabaret Lounge and Cabaret Lounge II and participated in the hiring, training, and firing of employees and in the disposition of revenue from the businesses.

6. Defendant DANIEL G. KIRAZ, a resident of Portland, Oregon was the brother of defendant DAVID G. KIRAZ and son of defendant GEORGE D. KIRAZ. Defendant DANIEL G. KIRAZ participated in the management of Cabaret Lounge and Cabaret Lounge II, the hiring, training, and firing of employees, and in the bookkeeping for Cabaret Lounge and Cabaret Lounge II.

7. Defendant MARCI K. KIRAZ, a resident of Happy Valley, Oregon, was the wife of defendant DAVID G. KIRAZ. Defendant MARCI K. KIRAZ participated in the bookkeeping for Cabaret Lounge and Cabaret Lounge II.

8. The IRS is an agency of the United States Department of Treasury responsible for administering and enforcing the tax laws of the United States and collecting taxes owed to the United States Treasury.

## COUNT ONE

**[18 U.S.C. § 371 - Conspiracy to Defraud the United States]**

Paragraphs 1-8 of the General Allegations are incorporated herein.

### OBJECT OF THE CONSPIRACY

9. Beginning on or about January 1, 2007 and continuing up to and including April 15, 2011 within the District of Oregon, and elsewhere, defendants DAVID G. KIRAZ, GEORGE D. KIRAZ, DANIEL G. KIRAZ, and MARCI K. KIRAZ, and others known and unknown to the grand jury, unlawfully and knowingly combined, conspired, confederated, and agreed together to defraud the United States by deceitful and dishonest means by impeding, impairing, obstructing, and defeating the lawful government functions of the IRS, an agency of the United States, in the ascertainment, computation, assessment, and collection of revenue, that is, federal individual income taxes.

### MANNER AND MEANS OF THE CONSPIRACY

10. Defendants DAVID G. KIRAZ, GEORGE D. KIRAZ, DANIEL G. KIRAZ, and MARCI K. KIRAZ and others known and unknown to the grand jury, carried out their conspiracy using the following manner and means, among others:

    a. The defendants required customers to pay door charges in cash and required dancers to pay house fees in cash.

    b. At the end of each business day, the defendants caused the door charge cash and the house fee cash to be separated from cash generated by food and beverage sales and lottery sales.

c. One of the defendants personally picked up the door charge cash and the house fee cash and removed this cash from the businesses so the defendants could use this cash for their personal benefit.

d. The defendants directed and/or caused daily records of the receipts of the businesses, including the door charge cash and the house fee cash, to be destroyed on a regular, ongoing basis.

e. The defendants directed and/or caused the amount of receipts from food and beverage sales and from lottery sales to be accurately input into a profit and loss spreadsheet maintained on a computer at both Cabaret Lounge and Cabaret Lounge II but directed and/or caused the daily door charge receipts and the daily house fee receipts not to be input on these profit and loss spreadsheets.

f. To keep track of the amount of door charge receipts and house fee receipts the defendants took from the businesses for their personal benefit, the defendants maintained a second profit and loss spreadsheet on the personal computer of defendant DAVID G. KIRAZ, at his residence, on which the defendants accurately recorded the daily door charge receipts and house fee receipts from the businesses.

g. The annual business activity of Cabaret Lounge and Cabaret Lounge II was reported on the federal income tax returns of defendant DAVID G. KIRAZ using a Schedule C. Each year, so that a paid tax return preparer could prepare the federal income tax return of defendant DAVID G. KIRAZ, the defendants gave the tax return preparer a copy of an annual profit and loss spreadsheet for Cabaret Lounge and Cabaret Lounge II that did not include most of the door charge

receipts and most of the house fee receipts each of the businesses had collected in the prior tax year. The defendants' intentional omission of most of the door charge receipts and most of the house fee receipts caused the paid return preparer to create a Schedule C to report the receipts and expenses of the businesses that omitted most of the door charge receipts and most of the house fee receipts for that tax year.

h. Each year, defendant DAVID G. KIRAZ signed and filed with the IRS a federal individual income tax return he knew included a false Schedule C that omitted most of the businesses' door charge receipts and house fee receipts for that tax year.

i. As a result of defendant DAVID G. KIRAZ knowingly and intentionally filing federal individual income tax returns for 2007, 2008, 2009, and 2010 that omitted most of the businesses' door charge receipts and house fee receipts, defendant DAVID G. KIRAZ underreported his personal taxable income by a total of approximately $1,501,874, causing a total income tax underpayment of $519,503.

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

11. In furtherance of said conspiracy and to effect the objects thereof, between January 1, 2007 and April 15, 2011, defendants DAVID G. KIRAZ, GEORGE D. KIRAZ, DANIEL G. KIRAZ, and MARCI K. KIRAZ and others known and unknown to the grand jury, committed the following overt acts, among others, in the District of Oregon and elsewhere:

    a. The defendants themselves destroyed daily records of the receipts of the businesses and directed and/or caused others to destroy daily records of the

receipts of the business, each such destruction of records being a separate overt act.

b. The defendants maintained a second profit and loss spreadsheet on the personal computer of defendant DAVID G. KIRAZ, at his residence, on which the defendants accurately recorded the daily door charge receipts and house fee receipts from the businesses, each such recording being a separate overt act.

c. Each tax year, the defendants gave a paid tax return preparer inaccurate information about the receipts of the businesses, each such occurrence being a separate overt act.

d. In 2008, 2009, 2010, and 2011, defendant DAVID G. KIRAZ filed federal individual income tax returns for 2007, 2008, 2009, and 2010, respectively, that omitted most of the door charge receipts and house fee receipts of the businesses, the filing of each such false tax return being a separate overt act.

All in violation of 18 U.S.C. Section 371.

## COUNTS TWO Through FOUR

**[26 U.S.C. § 7206(1) – Filing False and Fraudulent Income Tax Returns]**

Paragraphs 1-8 of the General Allegations are incorporated herein.

1. On or about the dates identified below, in the District of Oregon, defendant DAVID G. KIRAZ did willfully make, subscribe, and file with the Internal Revenue Service, a U.S. Individual Income Tax Return, Form 1040 for the calendar years identified below, each of which was verified by a written declaration that it was made under the penalties of perjury and which he did not believe to be true and correct as to every

material matter and that he then and there knew and believed said items, identified below, were false and fraudulent:

| COUNT | RETURN YEAR | DATE FILED | FALSE ITEM & FALSE AMOUNT REPORTED |
|---|---|---|---|
| 2 | 2008 | 08/17/2009 | Schedule C, "Gross Receipts or Sales", $1,976,750 |
| 3 | 2009 | 03/29/2010 | Schedule C, "Gross Receipts or Sales", $1,830,915 |
| 4 | 2010 | 03/18/2011 | Schedule C, "Gross Receipts or Sales," $1,500,137 |

All in violation of 26 U.S.C. Section 7206(1).

## COUNTS FIVE through SEVEN

### [26 U.S.C. § 7206(2) – Aiding and Assisting in the Preparation and Presentation of False and Fraudulent Income Tax Returns]

Paragraphs 1-8 of the General Allegations are incorporated herein.

1. On or about the dates identified below, in the District of Oregon, defendants GEORGE D. KIRAZ, DANIEL G. KIRAZ, and MARCI K. KIRAZ did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040 of David G. Kiraz for the calendar years identified below. The returns were false and fraudulent as to a material matter, in that, as the defendants then and there knew and believed, the returns reported false amounts of "Gross Receipts or Sales" on a Schedule C as identified below:

| COUNT | RETURN YEAR | DATE FILED | FALSE ITEM & FALSE AMOUNT REPORTED |
|---|---|---|---|
| 5 | 2008 | 08/7/2009 | Schedule C, "Gross Receipts or Sales", $1,976,750 |
| 6 | 2009 | 03/29/2010 | Schedule C, "Gross Receipts or Sales", $1,830,915 |
| 7 | 2010 | 03/18/2011 | Schedule C, "Gross Receipts or Sales", $1,500,137 |

All in violation of 26 U.S.C. Section 7206(2).

Dated this 7 day of April 2015.

A TRUE BILL.

_____
OFFICIATING FOREPERSON

Presented by:

S. AMANDA MARSHALL
United States Attorney

*/s/ Seth D. Uram*
SETH D. URAM, DC # 376214
Assistant United States Attorney