IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>David G. Kiraz, George D. Kiraz,  Daniel G.<br>Kiraz, Marci K. Kiraz<br><br>                    Defendant. | Case No. 3:15-cr-00140 |

**JURY INSTRUCTIONS**

DATED:  May 26 , 2016

_____

Robert E. Jones
United States District Judge

## 3.1  DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you

## 3.2  CHARGE AGAINST DEFENDANT
### NOT EVIDENCE—PRESUMPTION OF
### INNOCENCE—BURDEN OF PROOF

The indictment is not evidence. The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent unless and until the government proves the defendants guilty beyond a reasonable doubt. In addition, the defendants do not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

### 3.3  DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that defendants George Kiraz, Daniel Kiraz and Marci Kiraz did not testify.

## 3.4  DEFENDANT'S DECISION TO TESTIFY

Defendant David Kiraz has testified.  You should treat this testimony just as you would the testimony of any other witness.

## 3.5  REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## 3.6  WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)      the sworn testimony of any witness; and

(2)      the exhibits received in evidence: and

(3)      any facts to which the parties have agreed.

## 3.7  WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## 3.8 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## 3.9  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## 3.11  SEPARATE CONSIDERATION OF MULTIPLE COUNTS—
## SINGLE DEFENDANT

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

## 3.13  SEPARATE CONSIDERATION OF MULTIPLE COUNTS—MULTIPLE DEFENDANTS

A separate crime is charged against one or more of the defendants in each count.  The charges have been joined for trial.  You must decide the case of each defendant on each crime charged against that defendant separately.  Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant and count.

## 4.1 STATEMENTS BY DEFENDANT

You have heard testimony that David Kiraz, George Kiraz, Daniel Kiraz and Marci Kiraz made statements. It is for you to decide (1) whether the defendants made the statements, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statements, including the circumstances under which the defendants may have made them.

## 4.10  GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS

You have heard testimony from IRS Special Agent Robert Macey, an undercover agent, who was involved in the government's investigation in this case.  Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, in order to investigate criminal activities.  Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

## 4.14 OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from Tiffany Couch who testified to opinions and the reasons for his and her opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## 4.16  CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been admitted in evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

## 3.16  INTENT TO DEFRAUD—DEFINED

An intent to defraud is an intent to deceive or cheat.

## 5.6 KNOWINGLY—DEFINED

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## 9.42  WILLFULLY—DEFINED

In order to prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on him or her and the defendant intentionally and voluntarily violated that duty.

A defendant who acts on a good faith misunderstanding as to the requirements of the law does not act willfully even if his understanding of the law is wrong or unreasonable. Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it. Thus, in order to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant did not have a good faith belief that he or she was complying with the law.

## 5.7 DELIBERATE IGNORANCE

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant:

1.  was aware of a high probability that the tax returns of David Kiraz did not report to the Internal Revenue Service all of the gross receipts of Cabaret 1 and Cabaret 2, and

2.  deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that all of the gross receipts of Cabaret 1 and Cabaret 2 were reported on the tax returns of David Kiraz or if you find that the defendant was simply careless.

### 8.21 CONSPIRACY TO DEFRAUD THE UNITED STATES

The defendants are charged in Count 1 of the indictment with conspiring to defraud the United States by obstructing the lawful functions of Internal Revenue Service by deceitful or dishonest means in violation of Section 371 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about January 1, 2007 and continuing up to and including April 15, 2011, there was an agreement between two or more persons to defraud the United States by obstructing the lawful functions of Internal Revenue Service by deceitful or dishonest means as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act on or after January 1, 2007 for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.  To wit:

1. The defendants themselves destroyed daily records of the receipts of the businesses and directed and/or caused others to destroy daily records of the receipts of the business, each such destruction of records being a separate overt act.

2. The defendants maintained a second profit and loss spreadsheet on the personal computer of defendant David G. Kiraz, at his residence, on which the defendants accurately recorded the daily door charge receipts and house fee receipts from the businesses, each such recording being a separate overt act.

3. Each tax year, the defendants gave a paid tax return preparer inaccurate information about the receipts of the businesses, each such occurrence being a separate overt act.

4. In 2008, 2009, 2010, and 2011, defendant David G. Kiraz filed federal individual income tax returns for 2007, 2008, 2009, and 2010, respectively, that omitted most of the door charge receipts and house fee receipts of the businesses, the filing of each such false tax return being a separate overt act.

An agreement to defraud is an agreement to deceive or to cheat.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are

conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

## 9.39 FILING FALSE TAX RETURN

## (26 U.S.C. § 7206(1))

David Kiraz is charged in Count 2 with filing a false and fraudulent tax return on August 17, 2009, in Count 3 with filing a false and fraudulent tax return on March 29, 2010, and in Count 4 with filing a false and fraudulent tax return on March 18, 2011, with each incident being a violation of Section 7206(1) of Title 26 of the United States Code. In order for David Kiraz to be found guilty on each charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that David Kiraz signed and filed a tax return for the year 2008, 2009 and 2010 and that he knew each return contained false information as to a material matter;

Second, the return at issue in each count contained a written declaration that it was being signed subject to the penalties of perjury; and

Third, in filing the false tax return, David Kiraz acted willfully.

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service.

## 9.40 AIDING OR ADVISING FALSE INCOME TAX RETURN

### (26 U.S.C. 7206(2))

George Kiraz, Daniel Kiraz and Marci Kiraz are charged in Counts 5, 6 and 7 of the indictment

with aiding, assisting, advising, procuring, and counseling David Kiraz to prepare and file a false

income tax return on August 17, 2009, March 29, 2010, and March 18, 2011, respectively, each

incident being in violation of Section 7206(2) of Title 26 of the United States Code. In order for

any one or more of the defendants, George Kiraz, Daniel Kiraz or Marci Kiraz to be found guilty

of Count 5, 6 and 7, the government must prove each of the following elements against that

defendant beyond a reasonable doubt:

First, the named defendant aided, assisted, advised, procured, and counseled David Kiraz to

prepare and present a false and fraudulent income tax return for 2008 (Count 4), 2009 (Count 5)

and 2010 Count 6);

Second, the particular income tax return for each Count was false and fraudulent as to any

material matter necessary to a determination of whether income tax was owed; and

Third, the defendant acted willfully.

The government is not required to prove that David Kiraz knew that the return was false.

A matter is material if it had a natural tendency to influence, or was capable of influencing, the

decisions or activities of the Internal Revenue Service.

**8.23 CONSPIRACY—KNOWLEDGE OF AND**

**ASSOCIATION WITH OTHER CONSPIRATORS**

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

## 7.1 DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## 7.2  CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

## 7.3  USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

## 7.4  JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

## 7.5 VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

## 7.6  COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.